UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

RANDOLPH THOMAS and JEFFREY PHARR,

                                 Plaintiffs,        **COMPLAINT**

           -against-                             16 CV 4937

THE CITY OF NEW YORK, P.O. SHELDON        **JURY TRIAL DEMANDED**
MALCOLM, P.O. JAMES ST. GERMAIN, and P.O.s
JOHN DOE #1 and #2, individually and in their official
capacities, (the name John Doe being fictitious, as the true
names are presently unknown),

                                 Defendants.
---------------------------------------------------------------------X

      Plaintiff RANDOLPH THOMAS and JEFFREY PHARR, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

      4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff RANDOLPH THOMAS and JEFFREY PHARR are African-America males, citizens of the United States, and at all relevant times residents of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. SHELDON MALCOLM, P.O. JAMES ST. GERMAIN, and P.O.s JOHN DOE #1 and #2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On November 7, 2015, at approximately 1:00 a.m., plaintiffs RANDOLPH THOMAS and JEFFREY PHARR were lawfully present in a vehicle traveling southbound on Springfield Boulevard in St. Albans, in the County of Queens, in the City and State of New York.

14. At approximately 136th Avenue, the vehicle was pulled over by defendants P.O. SHELDON MALCOLM and P.O. JAMES ST. GERMAIN.

15. Defendants had no lawful, legitimate reason for stopping the vehicle.

16. Shortly thereafter defendants P.O.s JOHN DOE #1 and #2 arrived on the scene.

17. Defendants handcuffed plaintiffs RANDOLPH THOMAS and JEFFREY PHARR and placed them under arrest despite their knowledge that they lacked probable cause to do so.

18. Defendants transported plaintiff RANDOLPH THOMAS and JEFFREY PHARR to the 105th Precinct of the New York City Police Department in Queens Village, New York.

19. Plaintiffs RANDOLPH THOMAS and JEFFREY PHARR were held and detained in custody for approximately two hours before being released without any charges having been filed against them.

20. As a result of the foregoing, plaintiffs RANDOLPH THOMAS and JEFFREY PHARR sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## MONELL FACTS

21. Both before and after the arrest of plaintiffs RANDOLPH THOMAS and JEFFREY PHARR, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

22. Members of the New York City Police Department have a custom and practice of arresting law-abiding citizens on pretextual charges in order to satisfy arrest quotas.

23. The existence of the aforesaid custom and practice may be inferred from:

- the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals";

- the information provided by whistle-blower police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews;

- audiotapes secretly recorded at the 81st Precinct in September 2010;

- testimony by P.O. Bryan Rothwell at his departmental trial in January 2014;

- the facts set forth in the Second Amended Complaint in the class-action *Floyd v. City of New York*, 08 Civ. 1034 (SAS), all of which are incorporated herein;

- Judge Scheindlin's Opinion & Order in *Floyd* dated May 16, 2012, granting class certification;

- testimony and exhibits introduced by the plaintiffs in *Floyd* during the trial of that matter;

- the facts set forth in the Complaints in the class-action *Stinson v. City of New York*, 10 Civ. 2248 (RWS), all of which are incorporated herein;

- the facts set forth in the Complaints in the class-action *Raymond v. City of New York*, 15 Civ. 6885 (LTS), all of which are incorporated herein;

- a full-page ad in the May 7, 2012 Daily News taken out by the Patrolmen's Benevolent Association, stating that in regard to quotas, "Don't Blame the Cop, Blame NYPD Management";

- testimony on August 9, 2013 by former NYPD officer Genaro Morales that he and other members of his Bronx Narcotics team fabricated stories about narcotics possession and sale in order to meet arrest quotas;

- the revelation in April 2015 by Anthony Miranda, chairman of the National Latino Officers Association, that anti-crime officers on Staten Island and elsewhere were forced to play a "quota game" in which insufficient points resulted in adverse employment consequences;

- statements by NYPD Inspector General Philip Eure in April 2015 that NYPD would be evaluating officers based in part upon the number of arrests made; and

- allegations in January 2016 by P.O. Michael Birch that he was targeted by supervisors for not making enough arrests of minority young people.

24.     Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiffs RANDOLPH THOMAS and JEFFREY PHARR without probable cause.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

25.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiffs RANDOLPH THOMAS and JEFFREY PHARR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiffs RANDOLPH THOMAS and JEFFREY PHARR were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiffs RANDOLPH THOMAS and JEFFREY PHARR's liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiffs RANDOLPH THOMAS and JEFFREY PHARR in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting law-abiding citizens on pretextual charges in order to satisfy arrest quotas.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate

indifference to the safety, well-being and constitutional rights of plaintiffs RANDOLPH THOMAS and JEFFREY PHARR.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs RANDOLPH THOMAS and JEFFREY PHARR as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs RANDOLPH THOMAS and JEFFREY PHARR as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs RANDOLPH THOMAS and JEFFREY PHARR were falsely arrested.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs RANDOLPH THOMAS and JEFFREY PHARR.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs RANDOLPH THOMAS and JEFFREY PHARR's constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiffs RANDOLPH THOMAS and JEFFREY PHARR of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause; and

      C.      To receive equal protection under the law.

46. As a result of the foregoing, plaintiffs are each entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further each entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs RANDOLPH THOMAS and JEFFREY PHARR each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
              September 2, 2016

                                                /s
                                  ROSE M. WEBER (RW 0515)
                                  30 Vesey Street, Suite 1801
                                  New York, NY 10007
                                  (212) 748-3355